**RICHARDSON EMPLOYMENT LAW, P.C.**
DANIEL E. RICHARDSON (SBN 289327)
dr@richardsonemploymentlaw.com
2281 Lava Ridge Ct., Suite 200
Roseville, CA 95661
Telephone: (916) 333-7959 | Fax: (916) 333-7916


TIMOTHY B. DEL CASTILLO (SBN: 277296)
tdc@castleemploymentlaw.com
LISA L. BRADNER (SBN: 197952)
lb@castleemploymentlaw.com
**CASTLE LAW: CALIFORNIA EMPLOYMENT COUNSEL, PC**
2999 Douglas Blvd, Suite 180
Roseville, CA 95661
Telephone: (916) 245-0122


Attorneys for Plaintiff ISABELLA FULLI


*[Defendant's Counsel Listed on Following Page]*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA FULLI, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARTER'S RETAIL, INC., a Corporation; and Does 1 through 50, Inclusive,<br><br>Defendants.. | **CLASS ACTION**<br><br>Case No. 2:24-CV-01486-TLN-DB<br><br>Honorable Troy Lynne Nunley<br><br>**JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]**<br><br>Complaint Filed:    March 26, 2024<br>Trial Date:         None Set |

1

**SEYFARTH SHAW LLP**
Jon D. Meer (SBN 144389)
jmeer@seyfarth.com
Leo Q. Li (SBN 293539)
lli@seyfarth.com
Romtin Parvaresh (SBN 301554)
rparvaresh@seyfarth.com
Ashley D. Stein (SBN 305094)
astein@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:     (310) 277-7200
Facsimile:      (310) 201-5219

Attorneys for Defendant
CARTER'S RETAIL, INC.

JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]

**<u>JOINT MOTION TO DISMISS</u>**

Plaintiff ISABELLA FULLI ("Plaintiff") and Defendant CARTER'S RETAIL, INC. ("Defendant") (collectively the "Parties") jointly stipulate to dismiss this action in its entirety – specifically, Plaintiff's individual claims with prejudice and Plaintiff's class claims without prejudice – pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

**<u>RECITALS</u>**

In support of this Stipulation, the Parties state the following recitals:

**I. PROCEDURAL HISTORY**

On March 26, 2024, Plaintiff filed this wage-and-hour class action in Placer County Superior Court, asserting claims for violations of the California Labor Code. On May 24, 2024, Defendant removed this action to this Court.

On July 12, 2024, the Parties filed a stipulation to stay this action pending resolution of *Nathan Christensen v. Carter's Retail, Inc.*, C.D. Cal. Case No. 8:20-cv-00776 HDV (KESx) (the "*Christensen* Action"), pending in the U.S. District Court for the Central District of California. (Dkt. 18.) The *Christensen* Action is a related representative action under the California Private Attorneys General Act ("PAGA"). The *Christensen* Action contains claims for violations of the California Labor Code that overlap with the claims asserted in this class action. The *Christensen* Action was filed before this action.

On July 15, 2024, the Court approved the stipulation and stayed this action pending completion of trial in the *Christensen* Action. (Dkt. 19.) This action remains stayed to present date.

**II. A GLOBAL SETTLEMENT WAS APPROVED IN THE *CHRISTENSEN* ACTION**

On December 16, 2024, the Parties attended a full-day mediation to explore a global resolution of this action and the *Christensen* Action. After a full-day mediation, the Parties reached an impasse, but ultimately reached settlement terms on a class and PAGA basis.

The global settlement received judicial approval. Specifically, on July 2, 2025, the settlement was preliminary approved by the Honorable Hernán D. Vera, the District Judge in the *Christensen* Action. On December 29, 2025, the settlement was granted final approval by Judge Vera. A true and

JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]

correct copy of the Final Approval Order is attached hereto as **Exhibit A**.

As part of the approval process, and for the sole purpose of seeking judicial approval of the global settlement, an amended complaint was filed in the *Christensen* Action to add Plaintiff as a co-plaintiff and to consolidate claims from this action and the *Christensen* Action.

## III. PLAINTIFF AGREED TO DISMISS THIS ACTION AFTER FINAL APPROVAL OF THE GLOBAL SETTLEMENT IS GRANTED IN THE *CHRISTENSEN* ACTION

Pursuant to the settlement approved in the *Christensen* Action, Plaintiff agreed to dismiss this action after final approval of the global settlement is granted. Because final approval was granted on December 29, 2025, Plaintiff now seeks to dismiss this action.

### STIPULATION

The Parties hereby stipulate as follows:

1. The Parties wish to dismiss this action because they were ultimately able to resolve this case as part of the global settlement approved in the *Christensen* Action.

2. As part of the settlement, the Parties stipulated to dismiss Plaintiff's individual claims with prejudice and dismissal of class claims without prejudice, as alleged in this action.

3. The Parties hereby stipulate to dismiss this action pursuant to Fed. R. Civ. Proc 41(a)(1)(A)(ii), which provides, "subject to Rule[] 23(e) … and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: … a stipulation of dismissal signed by all parties who have appeared."

4. Fed. R. Civ. Proc. 23(e) governing certified classes and classes proposed to be certified does not apply, because no class was certified in this action. "[P]rior to certification" a named plaintiff may dismiss claims on behalf of a putative class under Fed. R. Civ. Proc. 41(a)(1) because "Rule 23(e) does not provide the district court with any supervisory authority over such dismissals, nor does it require notice to the absent class members." *Ripley v. Bridgestone Retail Ops., LLC*., 2010 WL 11684294, at *2 (W.D. Wash. Sept. 2, 2010) (citing Moore's Federal Practice 3d, § 23.64[2][a] (2007)); *see also Richey v. GetWellNetwork, Inc.*, 2021 WL 424281, at *3 ("Because no class has been certified in this case, Rule 23

JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]

does not mandate either court approval of the instant settlement or notice to putative class members" [quoting *Allred v. Chicago Title Co.*, 2020 WL 5847550, at *1 (S.D. Cal. Oct. 1, 2020)]).

5.   Dismissal is effective upon the filing of a compliant notice or stipulation, as described in Fed. R. Civ. Proc. 41(a)(1)(A), and no court order is required. *Stone v. Woodford*, 2007 WL 527766 (E.D. Cal. Feb. 16, 2007).

6.   No further or heightened inquiry is required under Fed. R. Civ. Proc. 23. No class members' rights will be adversely impacted by the dismissal of this action, because no class was certified in this action.

**IT IS HEREBY STIPULATED AND AGREED** by and between the Parties through their undersigned counsel of record, that pursuant to Fed. R. Civ. Proc. 41(a)(1)(A)(ii), Plaintiff's individual claims be dismissed with prejudice and Plaintiff's class claims be dismissed without prejudice and each party shall bear their own attorneys' fees and costs in this action.

The Parties respectfully request the Court to issue an order dismissing the class claims without prejudice and Plaintiff's individual claims with prejudice and directing the Clerk to close the case.

**IT IS SO STIPULATED.**
**[SIGNATURES FOLLOW ON NEXT PAGE]**

JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]

Dated:  February 25, 2026     CASTLE LAW: CALIFORNIA EMPLOYMENT
COUNSEL, PC


By:  /s/
   Timothy B. Del Castillo
   Lisa L. Bradner
   Attorneys for Plaintiff
   ISABELLA FULLI


Dated:  February 25, 2026     RICHARDSON EMPLOYMENT LAW, P.C.


By:  /s/
   Daniel Richardson
   Attorney for Plaintiff
   ISABELLA FULLI


Dated:  February 25, 2026     SEYFARTH SHAW LLP


By:  /s/
   Jon D. Meer
   Leo Q. Li
   Romtin Parvaresh
   Ashley D. Stein
   Attorneys for Defendant
   CARTER'S RETAIL, INC.


## **ATTESTATION**

Concurrence in the filing of this document as been obtained from each of the individuals whose electronic signature is attributed above.

Dated:  February 25, 2026     RICHARDSON EMPLOYMENT LAW, P.C.


By:  /s/
   Daniel Richardson
   Attorney for Plaintiff
   ISABELLA FULLI

6

JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]

## ORDER

Plaintiff ISABELLA FULLI ("Plaintiff") and Defendant CARTER'S RETAIL, INC. have filed a joint motion to dismiss this action in its entirety. All parties have agreed to the dismissal.

In light of the joint motion, this action is **DISMISSED** in its entirety. Specifically, Plaintiff's individual claims are dismissed with prejudice and Plaintiff's class claims are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii); *see also Ripley v. Bridgestone Retail Ops., LLC.*, 2010 WL 11684294, at *2 (W.D. Wash. Sept. 2, 2010) (citing Moore's Federal Practice 3d, § 23.64[2][a] (2007)); *see also Richey v. GetWellNetwork, Inc.*, 2021 WL 424281, at *3 ("Because no class has been certified in this case, Rule 23 does not mandate either court approval of the instant settlement or notice to putative class members" [quoting *Allred v. Chicago Title Co.*, 2020 WL 5847550, at *1 (S.D. Cal. Oct. 1, 2020]).

Accordingly, the Clerk of the Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Dated: February 25, 2026

_____
Troy L. Nunley
Chief United States District Judge

JOINT MOTION TO DISMISS ENTIRE ACTION AND ORDER OF DISMISSAL [FRCP 41(a)(1)(A)(ii)]